| | |
|---|---|
| TRINA KOISTRA; GEORGIA KOISTRA; and LARRY FORD,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 16cv2539-GPC(AGS)<br><br>**ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION TO AMEND THE COMPLAINT**<br><br>[Dkt. No. 18.] |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

On May 18, 2017, Plaintiffs filed an ex parte application to amend/correct the complaint. (Dkt. No. 18.) Defendant County of San Diego filed an opposition. (Dkt. No. 22.) In response to the Court's order, Plaintiffs filed a reply in support of the ex parte application. (Dkt. No. 23.) Based on the reasoning below, the Court GRANTS Plaintiffs' ex parte application to amend the complaint.

**Background**

Plaintiffs Trina Koistra, Georgia Koistra, and Larry Ford filed suit against Defendants County of San Diego and DOES 1 through 50 on October 12, 2016. (Dkt. No. 1, Compl.) According to the complaint, Plaintiff Trina Koistra ("Trina") was given a ride home by a man named Ray, who she then let stay the night on her couch. (Id. ¶¶ 19, 21.) About an hour or two after they arrived home, the police came to Trina's home based on a search warrant for Ray. (Id. ¶ 22.) Plaintiff Larry Ford ("Ford"), Trina's

boyfriend, was put in handcuffs and taken away from the house. (Id. ¶ 23.) The officers then entered the house and arrested Ray. (Id. ¶ 25.) The officers found Trina inside her mother's closet, and one of the officer's canine bit her finger as she put her hands up. (Id. ¶¶ 26–28.) The canine then bit down on her arm and pulled her out of the closet. (Id. ¶ 30.) One of the officers told the dog to go after her again, at which point, the dog bit into her face and broke her jaw. (Id. ¶ 31.) Trina's mother, Georgia Koistra ("Georgia") was laying on her bed at the time and witnessed the entire attack. (Id. ¶ 31.) Plaintiffs are bringing causes of action pursuant to 42 U.S.C. § 1983 for (1) excessive or unreasonable use of force under the Fourth Amendment; (2) unreasonable or unlawful entry into and search and seizure of private property under the Fourth Amendment; (3) unlawful or unreasonable seizure of person under the Fourth Amendment; (4) failure to train and supervise; and (5) *Monell*[1] liability. They are also bringing state law causes of action for (6) violation of California Civil Code section 52.1; (7) false arrest or imprisonment; (8) battery; (9) assault; (10) intentional infliction of emotional distress; (11) negligence; and (12) negligent infliction of emotional distress. (Id. at 11–20.)

On April 24, 2017, the Court issued a Scheduling Order which set the deadline to amend the complaint to March 2, 2017. (Dkt. No. 16 ¶ 1.) On May 18, 2017, Plaintiffs filed this ex parte application for leave to amend their complaint, seeking to name Deputy Vail, the canine handler, as a defendant. (Dkt. No. 18; Dkt. No. 18-1, Peacock Decl. ¶ 20.) Plaintiffs also seek to remove Georgia Koistra as a Plaintiff, due to her recent death, and remove the second cause of action for unreasonable or unlawful entry into and search and seizure of private property pursuant to 42 U.S.C. § 1983. (Dkt. No. 18-1, Peacock Decl. ¶ 20.)

**Discussion**

**A.    Federal Rule of Civil Procedure 16**

Federal Rule of Civil Procedure ("Rule") 15(a) provides that leave to amend

---

[1] *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658 (1978).

shall be freely given when justice so requires and the standard is applied liberally. Fed. R. Civ. P. 15(a). However, once a district court has established a deadline for amended pleadings, and that deadline has passed, Rule 16 applies. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–608 (9th Cir.1992). Subsequent amendments are not allowed without a request to first modify the scheduling order. At that point, any modification must be based on a showing of good cause. Coleman, 232 F.3d at 1294. Rule 16's good cause standard is more stringent that the liberal amendment standard under Rule 15. AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 952 (9th Cir. 2006).

A pretrial scheduling order can only be modified "upon a showing of good cause." Fed. R. Civ. P. 16(b). "Good cause" focuses on the diligence of the party seeking an amendment. Johnson, 975 F.2d at 609. The pretrial schedule may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. In general, the focus of the diligence inquiry is on the time between the moving party's discovery of new facts and its asking leave of the court to file an amended pleading. See Zivkovic v. S. Cal. Edison Corp., 302 F.3d 1080, 1087–88 (9th Cir. 2002). The Ninth Circuit noted that "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id.; see Sugita v. Parker, 13cv118-AWI-MJS(PC), 2015 WL 5522078, at *2 (E.D. Cal. Sept. 16, 2015) (counsel's carelessness or inadvertence fails to establish "good cause").

**I. Good Cause**

Defendant argues that Plaintiffs were not diligent because they delayed inquiring about the identity of the canine handler and informing Defendant about their intention to amend the complaint. (Dkt. No. 22 at 4.) Plaintiffs argue that they have pursued this case diligently and that the delays were due to issues from Plaintiffs' counsel changing firms. (Dkt. No. 24 at 5–6.)

On January 9, 2017, Plaintiff received initial disclosures, which stated that Deputy Vail was knowledgeable as to the events of the day in question but not that he

was the handler of the canine. (Dkt. No. 18-1, Peacock Decl. ¶¶ 3, 5.) On January 27, 2017, Plaintiffs' counsel left the firm he was working with and moved to a new firm on February 1, 2017. (Id. ¶¶ 7–8.) He believes his previous firm completed no work on this case until March 6, 2017, at which point he was rehired as counsel in this case. (Id. ¶¶ 10, 11.) On March 10, 2017, Plaintiffs' counsel received an electronic copy of Plaintiffs' file from his previous firm. (Id. ¶ 12.) On March 15, 2017, Plaintiffs sent written discovery requests to Defendant. (Id. ¶ 13.)

On March 29, 2017, Plaintiffs informed Defendant of their intent to amend the complaint once they learned the identity of the canine handler. (Id. ¶ 14) In response, on the same day, Defendant informally provided Deputy Vail's report, which identified him as the canine handler. (Id. ¶¶ 14–15; Dkt. No. 22-1, Kish Decl. ¶ 3.) Plaintiffs assert that they did not know the identity of the canine handler until March 29, 2017. (Dkt. No. 18-1, Peacock Decl. ¶ 18.) On April 12, 2017, at the time Defendant asked for an extension to respond to written discovery, Plaintiffs told Defendant of their intention to amend the complaint once they received these discovery responses. (Id. ¶ 17.) Plaintiffs received the written discovery on May 1, 2017. (Id. ¶ 19.) The ex parte application was filed on May 18, 2017. (Dkt. No. 18.) According to the scheduling order, fact discovery closes on July 10, 2017 and expert designation must be completed by August 7, 2017. (Dkt. No. 16 ¶¶ 2–3.)

Although the scheduling order deadline for amending the complaint passed on March 2, 2016, Plaintiffs have shown diligence satisfying the requirement for good cause. (Dkt. No. 16 ¶ 1.) Plaintiffs' counsel has made clear that circumstances prevented him from properly attending to this case. On February 1, 2017, within one month of receiving initial disclosures, Plaintiffs' counsel left his law firm due to "nefarious conduct taking place at the firm." (Dkt. No. 24-1, Peacock Decl. ¶¶ 7–8.) He was rehired onto this case on March 6, 2017, after the scheduling order deadline to amend had already passed. (Dkt. No. 18-1, Peacock Decl. ¶ 14; Dkt. No. 16 ¶ 1.) Thus, despite Plaintiffs' diligence, the schedule could not reasonably have been met.

See Johnson, 975 F.2d at 609.

On March 29, 2017, within one month of being rehired onto the case, Plaintiffs' counsel informed Defendant of his intention to amend the complaint to name the canine handler. (Dkt. No. 18-1, Peacock Decl. ¶ 14.) On the same day, Defendant disclosed the identity of the canine handler but Plaintiffs made clear to Defendant that they were waiting on discovery responses before seeking leave to amend so that they would not be seeking leave to file multiple amended complaints. (Id. ¶¶ 15, 17.) Therefore, even though Plaintiffs had all of the facts necessary to seek leave to amend the complaint since March 29, 2017, they were diligent in informing Defendants of their intention to amend the complaint. After receiving written discovery on May 1, 2017, Plaintiffs then timely filed this ex parte application to amend the complaint on May 18, 2017. (Id. ¶ 19; Dkt. No. 18.)

Defendant also argues that the complaint implies that Plaintiffs have always intended to add the dog handler as a defendant but waited to do so until after the deadline to amend had passed. (Dkt. No. 22 at 3.) However, this also shows that Defendant would have known since the complaint was filed that Plaintiffs intended to name the dog handler as a defendant. Contrary to Johnson, where the defendant offered to disclose the proper defendant when its answer was filed, Defendant, here, only disclosed that Deputy Vail was knowledgeable about the events of the day in question, but did not turn over Deputy Vail's report until specifically asked about the identity of the canine handler after the deadline to file a motion to amend the complaint. See Johnson, 975 F.2d at 609.

Therefore, even though the scheduling order deadline has passed, the Court finds good cause to consider Plaintiffs' request for leave to amend.

**B.    Legal Standard Under Federal Rule of Civil Procedure 15**

Leave to amend must also satisfy the standard set forth by Rule 15. Under Rule 15(a), leave to amend a complaint after a responsive pleading has been filed may be allowed by leave of the court and "shall freely be given when justice so requires."

Foman v. Davis, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a). Granting leave to amend rests in the sound discretion of the trial court. Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality." DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." Id.

Because Rule 15(a) favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. Genentech, Inc. v. Abbott Labs., 127 F.R.D. 529, 530–31 (N.D. Cal. 1989). In assessing the propriety of an amendment, courts consider several factors: (1) undue delay, (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously permitted; (4) prejudice to the opposing party; and (5) futility of amendment. Foman, 371 U.S. at 182; United States v. Corinthian Colleges, 655 F.3d 984, 995 (9th Cir. 2011). These factors are not equally weighted; the possibility of delay alone, for instance, cannot justify denial of leave to amend, DCD Programs, 833 F.2d at 186, but when combined with a showing of prejudice, bad faith, or futility of amendment, leave to amend will likely be denied. Bowles v. Reade, 198 F.2d 752, 758 (9th Cir. 1999).

Defendant has only asserted potential prejudice in allowing amendment and the futility of the amendment suggested. Regardless, there has been no bad faith or repeated failure to cure deficiencies from Plaintiffs, as evidenced by Plaintiffs' diligence in the good cause analysis above. Furthermore, the general time frame for undue delay is usually on the scale of about eight months. See AmerisourceBergen, 465 F.3d at 953 ("We have held that an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable."). The actual time between when Plaintiffs learned the identity of the canine handler and sought

leave to amend is only about 50 days, from March 29, 2017 to May 18, 2017.[2] However, even looking from the time Defendant believes Plaintiff should have inquired about the identity of the dog handler, around January 9, 2017, that is still only about four months, which is far from the typical amount of time that constitutes undue delay.

**I.   Prejudice**

Defendant asserts prejudice arguing it used a majority of their allotted discovery without knowing that Deputy Vail would be an individual defendant. (Dkt. No. 22 at 6.) Although this does prejudice Defendant to some extent, the consequences of allowing leave to amend would not be great. Therefore, Defendant has not asserted sufficient prejudice to overcome the liberal tendency towards allowing amendment.

There must be clear prejudice to overcome the strong Rule 15 policy supporting liberal amendment. See Hurn v. Ret. Fund Tr. of Plumbing, Heating and Piping Indus. of S. Cal., 648 F.2d 1252, 1254 (9th Cir. 1981) ("Bald assertions of prejudice cannot overcome the strong policy reflected in Rule 15(a) to facilitate a proper disposition on the merits.") (internal quotations omitted); United States v. United Healthcare Ins. Co., 848 F.3d 1161, 1184 (9th Cir. 2016). In United Healthcare, the Ninth Circuit found no prejudice because the litigation was in the early stage, no new legal theory was being asserted, and this was the plaintiff's first attempt to cure deficiencies in the complaint. See United Healthcare, 848 F.3d at 1184.

Here, fact discovery does not close until July 10, 2017, and expert designation also does not close until August 7, 2017. (Dkt. No. 16 ¶¶ 2-3.) Because discovery would not have to be reopened, this case is still early in litigation. Furthermore, Defendant knew that Deputy Vail would be named as a defendant because Plaintiffs gave them adequate notice of their intention to name him. (Dkt. No. 18-1, Peacock Decl. ¶ 14.) Defendant would have also known the canine handler would be named as

---

[2]On April 12, 2017, Plaintiffs also gave notice to Defendant that they were intentionally waiting for responses to the written discovery before amending the complaint, so that they would not be seeking leave to file multiple amended complaints. (Dkt. No. 18-1, Peacock Decl. ¶ 17.)

a defendant because many of the causes of action are premised on the conduct of the canine handler. Finally, only one additional defendant is being named, and no new or different legal theory is being asserted, so Defendant will not have to reconsider ts entire case. Considering this new amendment, the parties can also renegotiate their schedule and the discovery allowances for each party if needed. Thus, prejudice to Defendant, in allowing leave to amend for this purpose, would be minimal and not enough to overcome the strong policy in favor of allowing amendment. See United Healthcare, 848 F.3d at 1184.

## II. Futility

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). Courts ordinarily do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend, and instead defer consideration of challenges to the merits of a proposed amendment until after leave to amend is granted and the amended pleadings are filed. Netbula, LLC v. Distinct Corp., 212 F.R.D. 534, 539 (N.D. Cal. 2003) (citation omitted); accord Green Valley Corp. v. Caldo Oil Co., No. 09cv4028-LHK, 2011 WL 1465883, at *6 (N.D. Cal. April 18, 2011) (noting "the general preference against denying a motion for leave to amend based on futility."). Arguments concerning the sufficiency of the proposed pleadings, even if meritorious, are better left for briefing on a motion to dismiss. Lillis v. Apria Healthcare, No. 12cv52-IEG(KSC), 2012 WL 4760908, at * 1 (S.D. Cal. Oct. 5, 2012).

Defendant finally asserts that allowing leave to amend the complaint to add Deputy Vail as a defendant would be futile because he is a government official protected by qualified immunity. However, at this stage of litigation the Court is not ruling on the sufficiency of the proposed pleadings, but only on whether "no set of facts" can be proven that would constitute a valid and sufficient claim. Plaintiffs' proposed amendment to add Deputy Vail satisfies this standard.

Therefore, leave to amend should be granted on the basis of Rule 15.

**Conclusion**

For the foregoing reasons, this Court GRANTS Plaintiffs' ex parte application to amend the complaint. Plaintiffs shall file an amended complaint within 3 days of the filing of this order.

IT IS SO ORDERED.

DATED: June 14, 2017

HON. GONZALO P. CURIEL
United States District Judge